*Original filed 3/28/07

1
2
3
4
5
6
7
8

NOT FOR CITATION

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12

JAMES FREDDIE CAVITT,                   )        No. C 05-3064 JF (PR)
                                        )
13                                      )
                                        )        ORDER GRANTING
14                    Petitioner,       )        RESPONDENT'S MOTION TO
       vs.                              )        DISMISS FOR FAILURE TO
15                                      )        EXHAUST STATE REMEDIES;
                                        )        GRANTING PETITIONER'S
16   JEANNE S. WOODFORD,                )        MOTION TO STAY PETITION;
                                        )        INSTRUCTIONS TO CLERK
17                    Respondent.       )
_____)        (Docket Nos. 5, 6)
18

19        Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.  The Court ordered Respondent to show cause why the writ

21   of habeas corpus should not be granted.  Respondent moves to dismiss the petition for

22   failure to exhaust state remedies.  Petitioner filed opposition to the motion to dismiss or in

23   the alternative, a motion to hold the petition in abeyance pending exhaustion of state

24   remedies.  Although directed to do so, Respondent did not file a reply brief.  For the

25   reasons set forth below, the Court will GRANT Respondent's motion to dismiss.

26   However, the Court also will GRANT Petitioner's motion to stay the petition while

27   Petitioner exhausts his additional claim before the state supreme court.

28

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay          1

**BACKGROUND**

A San Mateo Superior Court jury convicted Petitioner of first degree murder (Cal. Penal Code § 187), first degree robbery (Cal. Penal Code §§ 211, 212,5(a)), first degree burglary (Cal. Penal Code §§459, 460(a)), conspiracy (Cal. Penal Code § 182(a)(1)), and grand theft of a firearm (Cal. Penal Code § 487).  The jury found that the murder was committed during a robbery and a burglary (Cal. Penal Code § 190.2(a)(17)(I), (a)(17)(vii)) and that petitioner personally inflicted great bodily injury during the commission of the murder, robbery and burglary (Cal. Penal Code §§ 1203.075(a)(1), (a)(2), (a)(5), 12022.7).  On January 15, 1998, Petitioner was sentenced to twenty-five years-to-life in state prison.  On direct appeal, the state appellate court affirmed the judgment on February 5, 2002.  The state supreme court granted a petition for review and affirmed Petitioner's conviction in a written opinion on July 21, 2004.  See People v. Cavitt, 33 Cal.4th 187 (2004).  Petitioner filed the instant federal habeas petition on July 28, 2005.

**DISCUSSION**

A.    Motion to Dismiss

Respondent moves to dismiss the instant petition because Petitioner has failed to exhaust state remedies as to all of his claims.  Specifically, Respondent contends that Petitioner did not exhaust claim three in the instant petition.  Petitioner opposes the motion, and in the alternative asks the Court to hold the instant petition in abeyance in order for Petitioner to exhaust his state remedies.

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3

1   (1981); <u>McNeeley v. Arave</u>, 842 F.2d 230, 231 (9th Cir. 1988).  A federal district court

2   must dismiss a federal habeas petition even if it contains only a single claim as to which

3   state remedies have not been exhausted under 28 U.S.C. § 2254(b)-(c).  <u>Rose v. Lundy</u>,

4   455 U.S. at 522.  Federal courts have a duty to construe <u>pro se</u> petitions for writs of

5   habeas corpus liberally.  <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001).  The

6   exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the

7   state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners'

8   federal rights.'"  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (citations omitted). The

9   exhaustion requirement is satisfied only if the federal claim (1) has been "fairly

10  presented" to the state courts, <u>see</u> <u>id.</u>; <u>Crotts v. Smith</u>, 73 F.3d 861, 865 (9th Cir. 1996); or

11  (2) no state remedy remains available, <u>see</u> <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.

12  1996).  <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

13          It is not sufficient to raise only the facts supporting the claim; rather, "the

14  constitutional claim . . . inherent in those facts" must be brought to the attention of the

15  state court.  <u>Picard</u>, 404 U.S. at 277.  State courts must be alerted to the fact that prisoners

16  are asserting claims under the United States Constitution in order to be given the

17  opportunity to correct alleged violations of federal rights.  <u>Duncan v. Henry</u>, 513 U.S.

18  364, 365-66 (1995); <u>see, e.g.</u>, <u>Dye v. Hofbauer</u>, 126 S. Ct. 5, 7 (2005) (federal due

19  process claim based on prosecutorial misconduct was fairly presented where the text of

20  the brief cited the Fifth and Fourteenth Amendments and federal cases concerning alleged

21  violation of federal due process rights in the context of prosecutorial misconduct – the

22  "brief was clear that the prosecutorial misconduct claim was based, at least in part, on a

23  federal right");.  <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996) (characterizing <u>Picard</u>

24  as requiring "reference to a specific federal constitutional guarantee" in state court;

25  presentation of facts underlying claim not sufficient); <u>Fields v. Waddington</u>, 401 F.3d

26  1018, 1021 (9th Cir. 2005) (general reference to federal Constitution "as a whole, without

27  specifying an applicable provision, or an underlying federal legal theory, does not suffice

28

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay          3

1  to exhaust the federal claim."); <u>Castillo v. McFadden</u>, 399 F.3d 993, 1001, 1002 (9th Cir.

2  2005)(requiring reference to "specific provision of the U.S. Constitution;" statement that

3  appellant was "denied a fair trial in violation of the United States and the Arizona

4  Constitutions" insufficient; "drive-by citation" of "Fifth, Sixth, and Fourteenth

5  Amendment rights" in conclusion of appellate brief, divorced from any articulated federal

6  legal theory, insufficient).

7       A claim is "fairly presented" only if the petitioner either referenced specific

8  provisions of the federal constitution or federal statutes, or cited to federal or state case

9  law analyzing the federal issue. <u>Peterson</u>, 319 F.3d at 1158 (holding that a federal claim

10  can be fairly presented by citation to state cases analyzing the federal issue). Ordinarily a

11  state prisoner does not fairly present a claim to a state court if that court must read beyond

12  a petition or a brief (or a similar document) that does not alert it to the presence of a

13  federal claim in order to find material that does so. <u>Baldwin v. Reese</u>, 124 S. Ct. 1347,

14  1350-51 (2004) (where state petitioner did not claim specifically in brief presented to

15  state supreme court that appellate counsel's performance violated federal law, claim was

16  not fairly presented even though that court had the opportunity to read lower court

17  opinions which could have shown the claim was cast in federal terms); <u>Castillo</u>, 399 F.3d

18  at 1000 (characterizing <u>Baldwin</u> as requiring that petitioner present his federal

19  constitutional issue within the "four corners of his appellate briefing.")

20       Here, Respondent asserts that Petitioner did not fairly present claim three, in which

21  he asserts that the California Supreme Court's interpretation of the elements of felony

22  murder were unconstitutionally vague, set forth in the instant petition in his petition for

23  review. In his opposition, Petitioner claims that his third claim is "an aspect or extension

24  of his first two claims" and thus it is exhausted. Petitioner maintains that the California

25  Supreme Court granted his petition for review to decide whether the jury was given

26  erroneous instructions on the elements of accomplice liability for felony murder and

27  whether the evidence Petitioner sought to present could have negated those elements.

28

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay                    4

1   Petitioner contends that neither issue could be addressed without identifying the elements

2   for accomplice felony murder in California.  Petitioner therefore submits that "the state

3   supreme court's conclusion that the instructions to [Petitioner's] jury effectively

4   conveyed the requirement of a 'logical nexus' means his challenge to the constitutional

5   validity of those instructions the second claim in his petition to this Court) necessarily

6   includes the third claim."  See Pet.'s Mot. at 5.

7          Respondent has submitted a copy of Petitioner's petition for review filed in the

8   state supreme court.  See Resp. Mot., Exh. A.  In the petition for review, Petitioner

9   presented the following claim: the exclusion of evidence and omission of instructions on

10  essential elements of the felony murder rule denied Cavitt his rights to present a defense

11  and have the jury determine every element of the murder charge citing to the Fifth, Sixth

12  and Fourteenth Amendments of the United States Constitution and California

13  Constitution Article I, §§ 7, 15, 16.   Resp. Mot., Exh. A at 19.

14         The state supreme court granted petitioner's and his co-defendant's petitions for

15  review, to consider the following issues: (1) Does first degree felony murder liability

16  attach to the nonkiller accomplice liability only when the killing is committed "in

17  furtherance of the common design" of the felony, or instead, when the accomplice is

18  "jointly engaged" in the felony, a question left open in People v. Pulido, 15 Cal.4th 713

19  (1997); (2) Whether the enumerated felony continues as to every accomplice when some,

20  but not all, reach a place of temporary safety; and (3) whether the trial court prejudicially

21  erred in precluding defendants from presenting evidence establishing a cohort harbored

22  independent animus for purposes of first-degree felony murder.  See Resp. Mot., Exh B.,

23  (Petitioner's Opening Brief, People v. Freddie Cavitt, California Supreme Court S105058,

24  docketed November 27, 2002) at 1; People v. Cavitt, 33 Cal.4th 187 (2004).

25         The Court concludes that claim three is not exhausted.  In his petition for review,

26  Petitioner did not assert that the state supreme court's determination of the elements of

27  felony murder are unconstitutionally vague.  The court thus was not alerted to the fact that

28

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay                    5

1    petitioner sought to challenge the elements of California's felony murder rule on

2    vagueness grounds.  As set forth above, it is not sufficient to raise only the facts

3    supporting the claim; rather, "the constitutional claim . . . inherent in those facts" must be

4    brought to the attention of the state court.  See Picard v. Connor, 404 U.S. at 277.

5    Accordingly, Respondent's motion to dismiss the petition for failure to exhaust state

6    remedies is GRANTED.

7    B.    Motion to Hold Petition in Abeyance

8            District courts have the authority to issue stays and AEDPA does not deprive them

9    of that authority.  Rhines v. Webber,  544 U.S. 269, 277-78 (2005).  The district court's

10   discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of

11   reducing delay in the execution of criminal sentences and encouraging petitioners to seek

12   relief in the state courts before filing their claims in federal court.  Id.  Because the use of

13   a stay and abeyance procedure has the potential to undermine these dual purposes of

14   AEDPA, its use is appropriate only where the district court has first determined that there

15   was good cause for the petitioner's failure to exhaust the claims in state court and that the

16   claims are potentially meritorious.  Id.  Moreover, when granting a stay, the district court

17   must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a

18   petitioner's trip to state court and back."  Id. at 278.  Prisoners who may run the risk of

19   having the federal statute of limitations expire while they are exhausting their state

20   remedies may avoid this predicament "by filing a 'protective' petition in federal court and

21   asking the federal court to stay and abey the federal habeas proceedings until state

22   remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005).

23   Therefore, a petitioner can ask the district court to stay an unexhausted petition while he

24   exhausts his unexhausted claims in state court.  A petitioner need not delete his

25   unexhausted claims asking the district court to issue a stay.  See Jackson v. Roe, 425 F.3d

26   654, 659-61 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277-78).

27            Here, Petitioner's claim is cognizable under § 2254 and is not "plainly meritless."

28

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\jf\hc.05\Cavitt064mtdstay              6

Petitioner appears to show good cause for his failure to exhaust the claim in state court in
that he believed his claim was incorporated in the exhausted claims raised in his petition
for review.  Petitioner does not appear to be intentionally delaying this action.
Accordingly, Petitioner's motion to stay the instant petition to allow him to exhaust his
additional claim (docket no. 6) is GRANTED.  This action is hereby STAYED until thirty
days after the California Supreme Court's final decision on petitioner's additional claim
as set forth below.

**CONCLUSION**

1.      Respondent's motion to dismiss the instant petition (docket no. 5) is
GRANTED.

2.      Petitioner's motion to stay the instant petition (docket no. 6)  is
GRANTED, and the above-titled action is hereby STAYED until thirty days after the
California Supreme Court's final decision on Petitioner's additional claim.

3.      If Petitioner wishes to have this Court consider his unexhausted claim
he must properly present this claim to the California Supreme Court within thirty days of
the date this order is filed.

4.      Once the California Supreme Court has issued a decision on Petitioner's
additional claim, and if he has not obtained relief in state court, Petitioner shall promptly
notify the Court and Respondent within thirty days of the California Supreme Court's
decision.  Thereafter, the Court will order supplemental briefing on the exhausted claim.
Petitioner need not file an amended petition, as the Court has stayed the original "mixed"
petition containing all of his claims, including his exhausted claim.

5.       The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay
of this action.  This has no legal effect; it is purely a statistical procedure.  When
Petitioner informs the Court that exhaustion has been completed the case will be
administratively re-opened.

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay                    7

1         6.     It is Petitioner's responsibility to prosecute this case.  Petitioner is

2    reminded that all communications with the Court must be served on Respondent by

3    mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the

4    Court and all parties informed of any change of address by filing a separate paper

5    captioned "Notice of Change of Address."  He must comply with the Court's orders in a

6    timely fashion.

7         IT IS SO ORDERED.

8    DATED: ___3/28/07_____

                                        JEREMY FOGEL

9                                            United States District Judge

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay     8

1   A copy of this order was mailed to the following:

2

3   James Freddie Cavitt
    K-81900
4   Correctional Medical Facility
    P.O. Box 2000
5   Vacaville, CA  95696

6

7   Juliet B. Hayley
    CA State Attorney General's Office
8   455 Golden Gate Avenue
    Suite 11000
9   San Francisco, CA  94102-7004

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Respondent's Motion to Dismiss for Failure to Exhaust State Remedies; Granting Petitioner's
Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.05\Cavitt064mtdstay          9