NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES FREDDIE CAVITT, | ) | No. C 05-03064 JF (PR) |
| Petitioner, | ) | ORDER REOPENING HABEAS ACTION; TO SHOW CAUSE |
| vs. | ) | |
| JEANNE S. WOODFORD, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court granted Respondent's motion to dismiss for failure to exhaust state remedies with respect to the Petitioner's third claim, and granted Petitioner's motion to stay the petition pending Petitioner returning to this Court after exhausting his state remedies under Rhines v. Weber, 544 U.S. 269, 277-78 (2005). (See Docket No. 7.)  Petitioner was instructed to notify the Court within thirty days of the California Supreme Court's decision denying relief to have this matter reopened.  (Id.) Petitioner was advised that he need not file an amended petition.  (Id.)  On November 13, 2007, Petitioner filed a notice that he has exhausted his state remedies with respect to his third claim.  (Docket No. 12.)  Accordingly, the Court orders the action be reopened and

1 the stay lifted.

2     The following claims are cognizable, when liberally construed: (1) the trial court
3 violated Petitioner's Fifth, Sixth, and Fourteenth Amendment rights to due process and
4 trial by jury by excluding crucial exonerating evidence; (2) the trial court violated
5 Petitioner's rights by giving erroneous instructions on the connection between the
6 homicide and the underlying felony which must be proved before a burglar or robber may
7 be convicted of felony murder for a homicide committed by a confederate, instructions
8 which denied Petitioner his right to a jury determination of every element of the charge;
9 and (3) the California Supreme Court's decision regarding the elements of California's
10 felony murder rule is unconstitutionally vague. (Pet. 4.) Respondent must show cause
11 why the petition for a writ of habeas corpus should not be granted.

12

13                               **CONCLUSION**

14     1.    The clerk shall REOPEN the case.

15     2.    The Clerk shall serve by mail a copy of this order and the petition
16 and all attachments thereto (Docket No. 1) upon Respondent and Respondent's attorney,
17 the Attorney General of the State of California. The Clerk shall also serve a copy of this
18 order on the Petitioner.

19     3.    Respondent shall file with the Court and serve on Petitioner, within **sixty**
20 **(60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of
21 the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
22 should not be granted. Respondent shall file with the answer and serve on Petitioner a
23 copy of all portions of the state trial record that have been transcribed previously and that
24 are relevant to a determination of the issues presented by the petition.

25     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
26 with the Court and serving a copy on Respondent within **thirty (30) days** of his receipt of
27 the answer.

28     4.    Respondent may file a motion to dismiss on procedural grounds in lieu of

Order Granting Motion to Reopen File; To Show Cause
P:\PRO-SE\SJ.JF\HC.05\Cavitt03064_reopen.wpd

1 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
2 Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
3 with the court and serve on Respondent an opposition or statement of non-opposition
4 within **thirty (30) days** of receipt of the motion, and Respondent <u>shall</u> file with the Court
5 and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

6       5.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep
7 the Court and all parties informed of any change of address by filing a separate paper
8 captioned "Notice of Change of Address." Petitioner must comply with the Court's
9 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
10 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11      IT IS SO ORDERED.

13 DATED: \_\_\_\_6/23/09_____

JEREMY FOGEL
United States District Judge

Order Granting Motion to Reopen File; To Show Cause
P:\PRO-SE\SJ.JF\HC.05\Cavitt03064_reopen.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES FREDDIE CAVITT,

        Petitioner,

  v.

JEANNE S. WOODFORD, Warden,

        Respondent.
                                        /

Case Number: CV05-03064 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/7/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Freddie Cavitt
K-81900
Correctional Medical Facility
P.O. Box 2000
Vacaville, CA 95696

Dated:  7/7/09

                                      Richard W. Wieking, Clerk